UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| PAULA ADAMS )<br>)<br>      **Plaintiff** )<br>)<br>      vs. )<br>)<br>MAPOTHER & MAPOTHER )<br>P.S.C )<br>)<br>      **Defendant** )<br>) | Case Number 3:10-cv-629-H<br><br>CIVIL COMPLAINT<br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Paula Adams, by and through her undersigned counsel, Robert R. Gillispie, of The Gillispie Law Firm, P.C., complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1.  Plaintiff, Paula Adams, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Plaintiff resides in this District and the Defendant transacts business in this District.

### III.  PARTIES

4. Plaintiff, Paula Adams, is an adult natural person residing at 9906 Kelly Cemetery Road, Maceo, KY 42355. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Mapother & Mapother, PSC ("Defendant"), at all times relevant hereto, is and was a professional service corporation engaged in the business of collecting debt within the state of Kentucky with its principal place of business located at 815 West Market Street, Suite 500, Louisville, KY 40202-2654.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.  FACTUAL ALLEGATIONS

7. Plaintiff has engaged the law firm of Persels & Associates, LLC ("Persels") to help aid her in her unsecured debt settlement negotiations.

8. On or about March 11, 2010, with the help of Persels, Plaintiff settled with Defendant on a debt allegedly owed on a Capital One account.

9. The original debt was for approximately $1,460.00 and Defendant agreed to a settlement amount of $1,300.00.

10. Payment was to be made in one lump sum immediately.

11. Persels first attempted to complete a "payment by phone" utilizing an electronic means of transferring funds, but was informed that the Defendant no longer accepted payments in that manner.

12. On or about March 12, 2010, Persels issued a check and dispatched same via overnight courier to the Defendant on behalf of the Plaintiff in the amount of $1,300.00. **See Exhibit "A" (check) attached hereto.**

13. On or about March 18, 2010, Defendant deposited the check and it cleared Persels bank account. **See Exhibit "B" (bank statement) attached hereto**.

14. On or about March 25, 2010, Plaintiff received a letter from the Defendant's Counsel, "Robert D. McIntosh", stating that the check was being returned due to insufficient funds. **See Exhibit "C" (letter) attached hereto**.

15. The letter went on to state that there was no longer an agreement and that the case will remain on their active docket.

16. Plaintiff was told that if she did not contact the Defendant within fifteen (15) days that they would go further with a case against her.

17. The Defendant acted in a false, deceptive, misleading and unfair manner when it engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

18. The Defendant knew or should have known that its actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring its actions and the actions of its agents within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

19.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment and under the direct supervision and control of Defendant herein.

20.     At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

21.     As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

### COUNT I – FDCPA

22.     The above paragraphs are hereby incorporated herein by reference.

23.     At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

24.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

>   §§ 1692d     Any conduct the natural consequence is to harass, oppress or abuse any person

&sect;&sect; 1692e    Any other false, deceptive, or misleading representation or means in connection with the debt collection

&sect;&sect; 1692f    Any unfair or unconscionable means to collect or attempt to collect the alleged debt

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Mapother & Mapother, PSC, for the following:

a.  Actual damages;

b.  Statutory damages pursuant to 15 U.S.C. § 1692k;

c.  Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.  Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**The Gillispie Law Firm, P.C.**

Date: October 1, 2010           BY:   /s/ *Robert R. Gillispie*
                                Robert R. Gillispie, Esquire


The Gillispie Law Firm, P.C.
Post Office Box 6025
Leesburg, VA 20178
571-252-7840   Fax 571-252-7843
Attorney for Plaintiff